## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| MIRZA AAMIR BAIG | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-00952- |
| | § | SDJ-AGD |
| MOONBUG ENTERTAINMENT LTD. | § | |
| and TREASURE STUDIO INC. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the court is Defendants Moonbug Entertainment Ltd. ("Moonbug") and Treasure Studio Inc.'s ("TSI") (collectively "Defendants") Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6) (Dkt. #7). Having considered the Motion to Dismiss, Plaintiff Mirza Aamir Baig's ("Plaintiff") Response in Opposition (Dkt. #21), Defendants' Reply (Dkt. #25), Plaintiff's Sur-Reply (Dkt. #36), and all other relevant filings, the court recommends the Motion to Dismiss (Dkt. #7) be granted as set forth herein, and Plaintiff's Complaint (Dkt. #1) be dismissed without prejudice.

## BACKGROUND

Plaintiff originally filed suit in the Eastern District of Texas on November 10, 2022, against Defendants (Dkt. #1). Plaintiff filed a Motion for Preliminary Injunction on the same day (Dkt. #3). Plaintiff's Complaint is based on alleged injuries resulting from Defendants' CoComelon "The Hiccup Song," containing a cartoon mouse and elephant (the "Video").[1] (Dkt. #1 at p. 4). Plaintiff's Complaint alleges that in May 2022 and June 2022, his two-year-old son began "having difficulty in breathing," so Plaintiff and his wife took their son to the doctor's office (Dkt. #1 at p. 4). After discovering no signs of an illness, Plaintiff was encouraged to keep a close eye on his son

---

[1] The Hiccup Song, YOUTUBE, https://www.youtube.com/watch?v=smqcMRkokQ8 (last visited August 8, 2023).

to monitor his activities for the cause of his breathing problems (Dkt. #1 at p. 4). Plaintiff noticed his son was attempting to rid himself of hiccups by covering his mouth and nose with his hands, and eventually by putting a blanket in his mouth (Dkt. #1 at p. 4). Based on these allegations, Plaintiff seeks removal of the Video from the internet, cessation of creation and/or dissemination of similar videos, $5,000,000 "for Punitive/exemplary damages for negligence and life threatening content," and $5,000,000 "for compensatory damages as we have suffered pain, trauma, emotional and mental distress." (Dkt. #1 at p. 4).

On March 7, 2023, Defendants filed their Motion to Dismiss alleging the court's lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted (Dkt. #7). On March 8, 2023, the court ordered Plaintiff to file a response by March 29, 2023 (Dkt. #9). Plaintiff moved for an extension of time to file a response (Dkt. #14), which the court granted, giving Plaintiff until April 19, 2023, to file a response (Dkt. #16). Following Plaintiff's Response (Dkt. #21) and Defendants' Reply (Dkt. #25), the court held a hearing regarding Defendants' Motion on April 27, 2023. At the hearing, the court determined that general personal jurisdiction could not be established, and that specific personal jurisdiction would have to be established by further briefing. As ordered by the court, Plaintiff and Defendants filed supplemental briefing regarding the issue of personal jurisdiction (Dkt. #28; Dkt. #29; Dkt. #30; Dkt. #36).

## LEGAL STANDARD

### *Rule 12(b)(2) – Personal Jurisdiction*

Under Rule 12(b)(2), a court must dismiss a claim if the court lacks personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). "After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam*

jurisdiction exists." *McAfee, LLC v. Kinney*, No. 4:19-CV-463, 2019 WL 4077647, at *2 (E.D. Tex. Aug. 29, 2019); *see also Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 WL 3035916, at *4 (E.D. Tex. June 19, 2018) (citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "To satisfy that burden, the party seeking to invoke the court's jurisdiction must 'present sufficient facts as to make out only a prima facie case supporting jurisdiction,' if a court rules on a motion without an evidentiary hearing." *Lahman*, 2018 WL 3035916, at *4 (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)). "When considering a motion to dismiss, allegations in a plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *United My Funds, LLC v. Perera*, 4:19-CV-373, 2020 WL 674364, at *2 (E.D. Tex. Feb. 11, 2020) (citing *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003)) (internal quotation marks and alterations omitted). When a material conflict exists between factual allegations established by the evidence or the affidavits of the parties, the conflict "is resolved in favor of plaintiff for the purposes of determining whether a *prima facie* case exists." *Id.* (quoting *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992)). "However, if a court holds an evidentiary hearing, a plaintiff 'must establish jurisdiction by a preponderance of the admissible evidence.'" *Lahman*, 2018 WL 3035916, at *4 (quoting *In re Chinese Manufactured Drywall Prods. Liab. Lit.*, 742 F.3d 576, 585 (5th Cir. 2014)).

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cinega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). First, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant. *Id.* And second, the court considers

whether the exercise of jurisdiction is consistent with due process under the United States Constitution.

The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees. *Bullion*, 895 F.2d at 216. The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

### *General Personal Jurisdiction*

General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 57 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see Cent. Freight Lines v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Substantial, continuous, and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum. *Johnston*, 523 F.3d at 609. "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Access Telecomm., Inc. v. MCK Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1992) (citation omitted). However, "vague and

overgeneralized assertions that give no indication as to the extent, duration or frequency of contacts are insufficient to support general jurisdiction." *Johnston*, 523 F.3d at 609 (citing *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999)).

### *Specific Personal Jurisdiction*

Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros*, 466 U.S. at 414 n.8. For the court to exercise specific jurisdiction, the court must determine "(1) whether the defendant has . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Defendants who "'reach out beyond one state' and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for consequences of their actions." *Burger King*, 471 U.S. at 475 (citing *Travelers Health Assoc. v. Virginia*, 339 U.S. 643, 647 (1950)). Establishing a defendant's minimum contacts with the forum state requires contacts that are more than "random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *Id.*

"If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendants to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006) (citations omitted); *Stephenson v. Caterpillar, Inc.*, No. 2:16-cv-71-JRG-RSP, 2018 WL 6038359, at *3 (E.D. Tex. Oct. 30, 2018). In this inquiry, the court examines five factors: (1) the burden on the nonresident

defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King*, 471 U.S. at 477. "It is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)). "Where . . . a court concludes that it lacks personal jurisdiction over the defendant, the court may dismiss the action or transfer the action to any district where it could have been originally brought." *Libersat v. Sundance Energy Inc.*, 437 F. Supp. 3d 557, 573 (W.D. La. 2020).

## ANALYSIS

### *The pleadings related to personal jurisdiction*

Defendants' Motion to Dismiss asserts that the court lacks "personal jurisdiction because it does not have: (1) general or specific, jurisdiction over Defendants because they are foreign companies with principal places of business outside Texas; and (2) do not otherwise have sufficient minimum contacts with Texas." (Dkt. #7 at p. 6). With respect to Defendant TSI, Defendants state that "TSI is a children's entertainment production company . . . organized under the laws of California with its headquarters located in Irvine, California." (Dkt. #7 at p. 11). Defendants further contend that "TSI has no employees and does not maintain any offices in Texas." (Dkt. #7 at p. 11). According to Defendants, "TSI is the original creator of the streaming media show and YouTube channel, CoComelon. CoComelon is a show for children that portrays animated videos of traditional nursery rhymes, as well as original content and songs. CoComelon is made available for streaming worldwide through various platforms, such as YouTube and Netflix." (Dkt. #7 at p. 11). Additionally, Defendants note that "[i]n 2020, TSI was acquired by Moonbug Entertainment

Ltd., including all rights to CoComelon. None of TSI's work associated with producing CoComelon has ever occurred in Texas." (Dkt. #7 at p. 11)

Turning to Defendant Moonbug, Defendants state that "Moonbug Entertainment Ltd. is a global children's entertainment company with corporate headquarters in London, United Kingdom. Moonbug Entertainment Ltd. is a company registered in England and Wales." (Dkt. #7 at p. 12). Moonbug's registered office is in London. (Dkt. #7 at p. 12). Defendant Moonbug "does not maintain any offices in the United States and does not employ any persons in the United States, including Texas." (Dkt. #7 at p. 12). According to Defendants, "Moonbug Entertainment Ltd. publishes audio and audio-visual children's entertainment content." (Dkt. #7 at p. 12). Defendants note that "[a]fter acquiring TSI in 2020, Moonbug Entertainment Ltd. has since acted exclusively as the publishing and distribution company for CoComelon on YouTube and streaming platforms such as Netflix. Moonbug Entertainment Ltd.'s work associated with publishing CoComelon does not occur, and has never occurred, in Texas." (Dkt. #7 at p. 12). "In December 2021, Moonbug Entertainment Ltd. was acquired by Candle Media LLC. Following the Candle Media acquisition, Moonbug Entertainment Ltd. and TSI were reorganized and TSI is no longer a subsidiary of Moonbug Entertainment Ltd. Indeed, the two companies exist as two separate entities." (Dkt. #7 at p. 12).

Plaintiff's Response alleges that the following facts confer personal jurisdiction: (1) presence of Defendants' business activities and licensees in Texas; (2) presence of an alleged employee of Defendants (Paulina Trevino) in Texas; and (3) the accessibility of *CoComelon* content in Texas via popular online streaming platforms such as YouTube and Amazon (Dkt. #21 at p. 6).[2]

---

[2] None of this information is contained in Plaintiff's Complaint.

In response, Defendants contend that they have not purposefully availed themselves of the privileges of conducting business in Texas. (Dkt. #25 at pp. 2–4). Rather, Defendants only contract with licensees that incidentally conduct business in Texas by selling *CoComelon* merchandise or performing live shows featuring characters from Defendants' shows, *CoComelon* and *Blippi* (Dkt. #25 at pp. 2–4).

As requested by the court at the April 27, 2023, hearing, Defendants provided a supplemental declaration with a sworn statement from the Director and Officer of the Defendant companies, Robert Miller, stating that neither Defendant entity has employees in Texas (Dkt. #28, Exhibit 1 at p. 2). Mr. Miller specifically refutes Plaintiff's contention that Paulina Trevino was employed by Defendants. Rather, Mr. Miller avers that Ms. Trevino was an independent contractor for a separate entity, Entertainment Partners, who contracts with Moonbug Production USA LLC (Dkt. #28, Exhibit 1 at pp. 2–3). Plaintiff's supplemental evidence of personal jurisdiction provides a taxpayer number and Secretary of State number for Moonbug Production USA LLC, but not for either Defendant (Dkt. #29 at p. 1).

***The court does not have general personal jurisdiction over Defendants.***

Plaintiff does not argue that Defendants have such substantial, continuous, and systematic contact with the forum as to be considered at home in the forum state. At most, Plaintiff has alleged "vague and overgeneralized assertions that give no indication as to the extent, duration or frequency of contacts [that] are insufficient to support general jurisdiction." *Johnston*, 523 F.3d at 609. Indeed, Plaintiff's allegations rely on specific instances of contacts with the forum and a possible employee in the state of Texas. However, the contacts Plaintiff alleged are tied to Moonbug Entertainment USA LLC and Candle Media LLC, neither of which are Defendants in the instant lawsuit. These alleged contacts are insufficient because "general jurisdiction requires

that the 'corporation itself—not its managing agent[s] or subsidiar[ies] or affiliate[s] be "at home" in the forum state.'" *Nunes v. NBCUniversal Media*, LLC, 582 F. Supp. 3d 387, 396 (E.D. Tex. 2022) (quoting *Zoch v. Daimler, AG*, No. 6:16-CV-00057, 2017 WL 2903264, at *3 (E.D. Tex. May 16, 2017)). In fact, Defendants regularly conduct business in London, England, and Los Angeles, California, and Defendants' executive officers, headquarters, and principal places of business all lie in those jurisdictions, which are outside of Texas (Dkt. #7, Exhibits 1, 2). Defendants are not at home in Texas. Thus, as recommended in the April 27, 2023, hearing, the court finds that general personal jurisdiction over Defendants is lacking.

***The court does not have specific personal jurisdiction over Defendants.***

Turning to specific jurisdiction, the court must determine: "(1) whether the defendant has . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Nuovo Pignone, SpA*, 310 F.3d at 378. It is Plaintiff's burden to establish that Defendants have minimum contacts with the forum by satisfying the first two prongs. *Seiferth*, 472 F.3d at 271. Based on the facts presented by Plaintiff and Defendants, the court cannot say that Defendants have minimum contacts with the forum.

First, Plaintiff's Complaint merely states that his son accessed Defendants' Video on YouTube, but Plaintiff does not state where the viewing occurred (Dkt. #1 at p. 3). However, to the extent Plaintiff asserts personal jurisdiction exists because Plaintiff's son watched the Video in Texas, this argument fails. Plaintiff's Complaint does not allege that Defendants' Video was directed at the forum. The Eastern District of Texas has found that YouTube and similar large online streaming platforms have broad, far-reaching contacts that cannot fairly be said to be

purposefully directed or targeted at Texas. *See Nunes*, 582 F. Supp. 3d at 399 ("'operation of an active website' and YouTube channel" did not sufficiently target Texas viewers to establish minimum contacts for specific jurisdiction); *see also Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 320 (5th Cir. 2021) (holding "universal accessibility" is not purposeful availment of Texas). In other words, universal access to online content does not equal unfettered minimum contacts. Thus, Plaintiff's son's access of Defendant's Video alone, even if the same occurred in the forum, is not enough to establish specific jurisdiction without a showing that Defendants targeted Texas viewers.

Next, Plaintiff states that Defendants had live events in Grand Prairie, Texas and Allen, Texas (Dkt. #21 at p. 4). Plaintiff also asserts that Defendants sell "toys, books, blankets, clothes, shows, and many accessories for children" at "all-major [*sic*] stores like Walmart, Macy's, Target, Party City, Khol's, and Buy Buy Baby." (Dkt. #21 at p. 4). Defendants assert that neither statement is true. "Contrary to Plaintiff's assertions, Defendants do not conduct live *CoComelon* or *Blippi* shows in Texas and do not sell in Texas the *CoComelon* merchandise items Plaintiff identifies in his Response. Rather, the live shows and the merchandise items are made available in Texas by those who hold a license to sell such products." (Dkt. #25 at p. 6). Plaintiff conflates Defendants with those who hold licenses to conduct live shows and sell the licensed products.

Finally, Plaintiff alleges that Defendants employ someone in Austin, Texas "as a CG Generalist." (Dkt. #21 at p. 6). Defendants state that "such a claim that Moonbug Entertainment Ltd. is actively employing an individual in Texas is simply untrue." (Dkt. #25 at p. 7). Plaintiff's assertion is tied to an alleged statement on the LinkedIn page of Paulina Trevino (Dkt. #30 at p. 1). Plaintiff states: "Based on the lack of tangible evidence to support the defendant's statements [that they have never employed Ms. Trevino], it is reasonable to conclude that they are solely a

product of conjecture." (Dkt. #30 at p. 2). That is not a reasonable conclusion, however, because Defendants provided sworn testimony by way of affidavit that Ms. Trevino is not an employee of either Defendant. (Dkt. #28, Exhibit 1). Rather, "[Ms.] Trevino performed work for Moonbug Production USA LLC, as an independent contractor." (Dkt. #28, Exhibit 1). And, as previously noted, Moonbug Production USA LLC is not a party to this lawsuit.

As such, Plaintiff has not met his burden to establish that Defendants purposely directed their activities toward the forum state or purposely availed themselves of the privileges of conducting activities here. Additionally, Plaintiff has not met his burden to establish that his causes of action arise out of or result from Defendants' forum-related contacts. *See Nuovo Pignone, SpA*, 310 F.3d at 378. Thus, the court need not determine whether the exercise of personal jurisdiction is fair and reasonable. Based on the relevant filings, it is clear that Plaintiff failed to plead sufficient minimum contacts with the forum state for the court to exercise specific personal jurisdiction over Defendants.[3]

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that Defendants' Motion to Dismiss (Dkt. #7) be **GRANTED** on Federal Rule of Civil Procedure 12(b)(2) grounds, and Plaintiff's Complaint (Dkt. #1) be **DISMISSED WITHOUT PREJUDICE**. Any request for relief not addressed by this report and recommendation should be **DENIED AS MOOT**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

---

[3] Because the court finds that it does not have personal jurisdiction over Defendants in the instant lawsuit, it does not address Defendants' Motion to Dismiss with respect to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).

specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

      Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

      **SIGNED this 12th day of April, 2024.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE